Filed 7/1/25  Elias v. Sardina CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G063971 |
| v. | (Super. Ct. No. 30-2020-01139897) |
| SHARON SARDINA et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from order of the Superior Court of Orange County, Andre De La Cruz, Judge. Affirmed.

David Elias, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Plaintiff David Elias appeals from an order dismissing defendants Brian Sardina and Sharon Sardina from his lawsuit.[1] Because he presents an inadequate record and briefing, we affirm.

FACTS

Plaintiff has not provided a copy of his complaint in the appellate record. According to his briefing, this matter involves legal services he and his brother received during trust litigation against Sharon. Though we cannot discern Brian's relationship to plaintiff's allegations, it is clear plaintiff is challenging the dismissal of both Sharon and Brian from this litigation.

According to the record provided, the dismissals resulted from two hearings: a December 2023 hearing that issued an order to show cause and the ensuing February 2024 hearing regarding plaintiff's "[f]ailure to serve" his second amended complaint "and file proper proofs of service." A formal order of dismissal was filed in May 2024.

The order recites: Sharon and Brian were dismissed after "the matter came on regularly for [the] hearing" in February 2024; the dismissals were ordered after the court "considered the evidence for and against" dismissal; and the court "heard the arguments for and against," including "the objections of the plaintiff."

The court's minutes show plaintiff submitted 20 filings between the December 2023 and February 2024 hearings. Less than half of those filings are identified in the clerk's transcript indexes, none of which purport to prove service on either Sharon or Brian. For example, the indexes list a

---

[1] Because defendants share a surname, we will refer to them by their first names.

document filed on January 30, 2024, identified as "Proof of Service of 30-day Summons & Complaint – Personal," but it pertains to service on a different defendant.

DISCUSSION

Plaintiff asserts five theories for reversal: (1) the court dismissed Sharon "without notice"; (2) Sharon was electronically served according to a proof of service; (3) Sharon was properly served through certified mail; (4) an attorney made general appearances for both Brian and Sharon at the December 2023 hearing; and (5) Brian's counsel filed an acknowledgment of service for Brian before the court dismissed him.

Plaintiff has not carried his burden to show prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [appellate burden of persuasion]; *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58 [orders presumed correct].)

First, plaintiff's claim that Sharon was dismissed "without notice" includes no citation to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C) [brief must cite "volume and page number of the record where the matter appears"]; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 [procedural rules apply to self-represented parties].) Moreover, it is contradicted by the December 2023 order to show cause and the court's order reciting that Sharon and Brian were dismissed after "the matter came on regularly for [the February 2024] hearing."

Second, plaintiff does not support his claim he presented the trial court with proof of electronic service on Sharon. His briefing references a document titled "Electronically service proof, of 1010.6 on Oct 13, 2023, and Nov-15-23. Exhibits 2–3." But the information does not correspond to any document listed in the clerk's transcript indexes, which list the transcripts'

3

earliest document as filed in December 2023. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [""if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed""].) Plaintiff may be referring to documents attached to the end of his brief. But he does not show the documents were before the court at the time of its challenged decision (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813), nor does plaintiff show how they satisfied the rules governing the service he claims. Even assuming he could electronically serve Sharon, the documents he may be referring to do not meet the requirements to qualify as a proof of service. (E.g., Code Civ. Proc., § 1013b, subd. (a) [affidavit required if serving person is not active California attorney].)

Third, the same deficiencies exist for plaintiff's claim that Sharon was validly served through certified mail. Plaintiff references "02-01-24 Exhibit 4" (underscoring omitted) as his support, again without providing any citation to the appellate record or otherwise showing the document was presented to the trial court. There are six documents listed in the clerk's transcript indexes that are dated February 1, 2024, and none match what we infer plaintiff is (insufficiently) pointing to in his brief. And again, even assuming he could serve Sharon as he claims, the document he may be referring to does not qualify as a proof of service. (E.g., Code Civ. Proc., § 1013b, subd. (a) [requiring "exact title of the document served and filed in the cause"].)

Fourth, the record does not support his claim that an attorney made general appearances for both Brian and Sharon. Instead of providing a record citation, plaintiff invites us to "see plaintiffs nunc pro tunc motion to correct" as the sole (undated) support for his assertion. The invitation prevents us from locating a filing in the record and, without more, would in

any case fail because statements in briefs are not evidence. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590.)

Finally, the record lacks any valid acknowledgement of receipt for Brian. (See Code Civ. Proc., § 415.30 [acknowledgment satisfies service of summons requirement].) Plaintiff claims one was filed on "01-18-24." The only document in the record that matches the date shows the trial court clerk *rejected* a filing regarding Brian. Plaintiff has not shown this rejection was erroneous or even what was rejected. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'We are not bound to develop appellants' arguments for them'"].)

## DISPOSITION

The trial court's May 22, 2024, order dismissing Sharon and Brian Sardina is affirmed. As the prevailing respondents have not appeared, no costs are awarded.

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

MOTOIKE, J.

5